(Franklin County Common Pleas.)

IN THE MATTER OF LILLIAN BAIER, An infant.

---

(1). The probate court is not authorized by law to appoint a guardian of the person of a minor who is without estate; and if the record of appointment in the probate court affirmatively discloses that the minor was without estate, such appointment will be held void.

(2). Upon habeas corpus the parent will be awarded the custody of the child against a guardian so appointed.

---

BIGGER, J.,

This is a proceeding in habeas corpus. It is claimed that the petition does not state a case which invokes the jurisdiction of this court. After considerable investigation of the question, I have reached the conclusion that the demurrer should be overruled and an answer filed under the statute. I base my conclusion upon the fact that the petition, which contains a copy of the record of the proceedings in the probate court, shows that the record of the probate court affirmatively discloses that the court appointed a guardian for an infant which had no estate, and this I think the court is not empowered to do, and that such appointment is void.

The language of section 6255, Revised Statutes is "A guardian may be appointed to take charge only of the estate of a minor; and at the time of, or subsequent to, the appointment of such guardian to any minor having neither father nor mother, or whose father and mother are both unsuitable persons to have the custody and tuition of such minor, or whose interests will, for any other cause, in the opinion of the court, be promoted thereby, the court may also appoint a guardian to have the custody and provide for the maintenance and education of such minor."

This only authorizes the appointment of a guardian of the person of a minor at the time of or subsequent to the appointment of a guardian for the estate of the minor.

Section 6259 provides: "Before any person shall be appointed guardian of the person and estate, or of the estate only, of any minor, he shall file in the office of the court having such appointment to make, a statement of the estate of said minor, and the probable value thereof, etc."

If it had been the intention of the

legislature to provide for appointment of guardians for infants who were without estate, the statute would certainly have contained some provision to that effect. The language of section ¹259 is "Before any person shall be appointed guardian of the person and estate or of the estate only". In either case there must be an estate before the court is authorized to appoint. The statute also requires that he must file a statement of the whole estate of the minor, not a statement of the whole estate if any. It is evident from the language that it was not contemplated by the legislature that the probate court should appoint guardians of minors who were without estate.

Section 6288 provides that "Every guardian shall be allowed, by the court settling his account, the amount of all his reasonable expenses incurred in the execution of his trust; and also such compensation for his services as the court shall deem reasonable." How shall the court compensate a guardian where there is no estate?

Section 6271 provides the duties of a guardian appointed to have the custody, maintenance and education of a minor, and he is required to provide suitable maintenance, which shall be paid out of the estate of such ward in the hands of the guardian of such estate upon the order of the guardian of the person of such ward. The law does not impose any peculiar liability upon a guardian to support a ward from his own means. 2nd N. P., 382. Notwithstanding this, section 6220 provides that before a person is appointed guardian to have the custody, maintenance and tuition of a minor without the right to take charge of the estate, he shall give bond in double the probable expense of maintaining and educating such minor during one year. I therefore conclude, construing the several sections of this chapter together (and they are to be so construed as a majority of them were passed at the same time and were different sections of one and the same act), that the probate court has no jurisdiction to appoint guardians of minors who have no estate. I think this is entirely clear from the fact that other and entirely different provision has been made for the custody and maintenance of destitute children.

Section 3140a of the Revised Statutes provides "That when the parent or parents of any minor child or children, shall be unable, through vagrancy, negligence, or misconduct, to support such child or children, or, if able, shall neglect or refuse to support such child or children, or when such parent or parents shall unlawfully beat, injure, or otherwise habitually ill-treat such child or children, or cause or allow them to engage in common begging, the probate court of the proper county, upon complaint by affidavit of some reputable citizen of the county in behalf of said child or children, setting forth facts bringing the case within this statute, may issue a summons requiring such parent, or parents, to appear and answer such complaint; and if, upon the hearing of the matters complained of, the court shall find the same to be true and that it is for the best interest of such child or children to be taken from such parent or parents, the court may make an order to that effect, and direct the placing of such child or children in any suitable orphan asylum or children's home or with some other benevolent society, to be taken and cared for and placed in homes found for them by adoption or otherwise by such asylum. children's home or society, etc." Here is a method provided by which the probate court is authorized to take the custody and care of destitute children from unsuitable parents and place that custody elsewhere; but it will be observed that in that case it can only be done upon notice to the parents. The law gives to parents the right to the custody of their minor children, and where the child has no estate, in my opinion there is no provision of law by which that custody may be taken from the parents where the parents are fit and suitable persons to have the custody of the child and are able to care for it, and where it is attempted to take from them that custody, they are entitled to notice and a chance to be heard in court. In the case of Shroyer v. Richmond the, supreme court of this state held that the appointment of guardians was in the nature of a proceeding in rem, and not and adversary proceeding. Under section 3140a the proceedings are adversary, the parent being given the right to appear and answer. Section 6255 authorizes the appointment of a guardian for a person of an infant at the same time or subsequent to the appointment of a guardian for the estate, but only where the minor has neither father nor mother, or both are unsuitable persons, or where for any other cause the interests of the child will be promoted thereby. Whether or not such appointment may be made without notice to the parents it is not necessary to decide in this case, as it affirmatively appears from the record of the probate court as set out in the petition that there was no estate in this case, and therefore, in my judgment. the appointment of a guardian was not authorized.

Under our statute "A person entitled to the custody of another of which custody he is unlawfully deprived" may prosecute a writ of habeas corpus. I am therefore of opinion that it appears from the allegations of the petition that

the mother, who is, it is admitted in this case, legally entitled to the custody of the child if the appointment of the guardian was unlawful, is unlawfully deprived of its custody, and that she is entitled to the benefits of the writ. The demurrer to the petition is therefore overruled and the respondent required to answer.