{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Appellant, Nawaz Ahmed, appeals the decision of the Belmont County Court of Common Pleas, Probate Division, which denied his motion to terminate the guardianship of the estate of his two sons. Ahmed raises many issues on appeal. But many of Ahmed's arguments relate to whether the trial court followed the proper procedures when appointing the guardian and those arguments are waived since he did not appeal that appointment. The rest of his arguments are meritless since he either cannot demonstrate prejudice by the trial court's alleged mistakes or has failed to demonstrate how the trial court abused its discretion. Since each of Ahmed's arguments are meritless, the trial court's decision is affirmed.
 Facts {¶ 2} On November 8, 1999, Juanita Lewis applied for the appointment of a guardian over the estates of the two minor children, Ahsan and Ibtisam Tariq Ahmed, since the children's mother was deceased and their father, Appellant, was incarcerated for killing her. That same day the children's custodian, Tahira Bhatti Kahn, filed on the children's behalf a waiver of notice and consented to the appointment of Lewis as guardian of the estate. A hearing on the application was set for December 1, 1999.
 {¶ 3} Lewis and Ahmed both appeared at the scheduled hearing. Lewis's attorney stated that Lewis and the deceased "had a close relationship" and that the deceased "would feel that Anita is the appropriate person to handle the guardianship of her children's estate." Ahmed challenged this statement and argued that his brother should be appointed guardian of the estate. Ahmed also argued the trial court could not create a guardianship of the estate since there were currently no assets in those estates. Finally, Ahmed argued that Kahn's signature on the waiver of notice was forged. In response, Lewis stated that the children's estates were expecting assets very soon and the trial court stated that Ahmed's brother would have to follow the proper procedure to be considered as a guardian of the estate. The trial court also noted and discounted Ahmed's forgery allegation. The same day, December 1, 1999, the trial court appointed Lewis guardian over the children's estates. Ahmed did not appeal from this decision.
 {¶ 4} On August 30, 2002, Ahmed filed a motion to terminate the guardianship over the two children's estates due to irregularities in the appointment proceedings. In that motion, he attacked the integrity of both the probate court and the attorney for the guardian. In the substance of his motion, he made the same basic claims he made at the hearing. He argued the children's waiver of notice was insufficient since it was forged. He argued the trial court could not appoint a guardian over the estate since there were no assets in the estate at the time of the appointment. He argued the trial court erred by not taking his wishes into account since, as the children's sole surviving parent, he was their only "natural guardian". The same day, the trial court denied Ahmed's motion.
 Preliminary Issues {¶ 5} This court has dealt with Ahmed's pro se appeals many times recently and this recent description of his briefing abilities applies to this case as well.
 {¶ 6} "Appellant filed a 110 page brief (tied together with a shoelace), without even attempting to seek leave, in violation of App.R. 19(A) and Loc.App.R. IV. This court seriously considered dismissing his appeal at that time; however, instead, we allowed time plus one extension to file a proper brief and denied any leave to exceed the page limitations. In September 2002, appellant filed what he claims is a thirty-five page brief in case No. 01 BA 13. Yet, there are two different pages numbered two. Moreover, the rule concerning margins was violated. The purpose of requiring a double-spaced brief containing typed matter not more than 6.5 by 9.5 inches is to ensure that a thirty-five page brief is actually that. Appellant's brief appears to be typed in 1.5 spacing and the majority of the pages have type matter more than seven inches horizontal and ten or more inches vertical. As such, Appellant again exceeded the page limitation in contravention of the appellate rules and this court's prior order.
 {¶ 7} "Besides these formatting failures, Ahmed's brief is extremely unorganized and difficult to read. Appellant purports to set forth nine assignments of error for our review in Case No. 01BA13. The assignments of error are repetitive and overlapping and improperly include unrelated issues under each assignment. See App.R. 12(A)(2); App.R. 16(A). As such, they cannot be effectively addressed in the order set forth or as labeled by Appellant. Thus, the pieces of each assignment that relate to other assignments are addressed together below." In reConservatorship of Ahmed, 7th Dist. Nos. 01 BA 13, and 01 BA 48,2003-Ohio-3272, ¶ 20 and 21; see, also, In re Estate of Ahmed, 7th Dist. No. 01 BA 16, 2002-Ohio-3175, ¶ 3 (Calling Ahmed's brief "difficult to understand" and presenting "disjointed and confusing legal arguments" while noting it "barely approaches minimal compliance with appellate rules concerning the composition of appellate briefs").
 {¶ 8} In this case, Ahmed's brief is only 36 pages, but it also ignores other formatting rules. More seriously, it is also "extremely unorganized and difficult to read". The nine assignments of error are again repetitive and contain unrelated issues under each assignment. In addition, it appears that some of the cases Ahmed cites in support of his argument do not exist. Accordingly, we will address the pieces of each assignment of error which relate to each other rather than each assignment of error individually.
 {¶ 9} We further chide Ahmed for making repeated ad hominem attacks upon the integrity and sanity of both the trial court and the guardian's attorney in his brief. These types of personal attacks are, of course, not legal arguments and should not be in an appellate brief. We advise Ahmed that he should not dilute his legal arguments with this type of invective in the future.
 Errors in the Appointment of the Guardian {¶ 10} The majority of Ahmed's brief concerns the allegedly faulty procedure used to appoint the guardian. For instance, he argues the trial court did not have personal jurisdiction over the children since they were not residents of Belmont County and did not receive notice of the application for appointment of a guardian. This argument essentially ignores the waiver filed on the children's behalf. He also argues that the evidence introduced in favor of appointing Lewis as guardian was insufficient, that a guardianship was unnecessary at the time since the children's estates had no assets, and that the trial court improperly ignored his wish that his brother would be appointed guardian. Ahmed could have raised each of these issues on a direct appeal from the order appointing the guardian.
 {¶ 11} "It is well-established that an order appointing a guardian is a final order from which an appeal may be taken." In re Lajoie (Mar. 31, 1998), 6th Dist. No. L-96-408, at 5. Since Ahmed did not directly appeal that decision, he has waived the right to raise those issues at a later time. Dayton Women's Health Center v. Enix (1990), 52 Ohio St.3d 67,70. Accordingly, these arguments are meritless.
 {¶ 12} Ahmed argues the trial court committed reversible error by denying his motion the same day it was filed without giving the guardian a chance to respond to his motion. But neither Ahmed nor the guardian is prejudiced by the trial court's actions. The trial court rendered judgment in the guardian's favor and Ahmed had an opportunity to present his case. Accordingly, this argument is also meritless.
 Trial Court's Actions During the Guardianship {¶ 13} Ahmed also complains of the trial court's decisions during the guardianship. For instance, he criticizes the bond the trial court ordered the guardian to produce and its approval of the manner in which the guardian invested the children's assets. But Ahmed fails to cite any law demonstrating that the trial court erred in any manner whatsoever when overseeing the guardian. This court reviews the probate court's judgment in these matters for an abuse of discretion. In re Guardianshipof Maurer (1995), 108 Ohio App.3d 354, 360. It is impossible to say from the record that the trial court abused its discretion in these matters. These arguments are also meritless.
 {¶ 14} Another of Ahmed's complaints concerns the fact that the two children have guardianships under two different case numbers. According to Ahmed, R.C. 2109.16 provides that only one guardianship application was necessary to cover both of the children. While this may be true, the statute does not say that it is illegal or improper to file an application for each child. It is difficult to see how Ahmed is prejudiced by the fact that Lewis filed a separate application for guardianship of each child. This simply is not a basis for reversing the trial court's decision.
 {¶ 15} For the reasons stated above, each of Ahmed's assignments of error are meritless and the judgment of the trial court is affirmed.
Judgment affirmed.
Waite, P. J., and Donofrio, J., concur.