OPINION AND JOURNAL ENTRY
{¶ 1} On October 9, 2003, we affirmed the trial court's judgment in the above-captioned matter in an opinion styled In re Guardianship ofAhmed, 7th Dist. No. 02 BE 56, 2003-Ohio-5463. On October 16, 2003, Appellant, Nawaz Ahmed, filed three motions: a motion to vacate and modify our opinion, a motion to reconsider our opinion, and a motion to certify conflict. He subsequently amended his motions for reconsideration and to certify a conflict with supplemental arguments on October 20 and 23, 2003.
 {¶ 2} The Appellate Rules do not provide for a motion to vacate or modify our judgment. Likewise, they do not allow a party to amend an application for reconsideration or a motion to certify conflict. Accordingly, we strike those documents and will not consider their arguments. We will only address the arguments contained in Appellant's original motion to reconsider and motion to certify conflict.
 As to the Motion to Reconsider {¶ 3} Although, in our original opinion, it did not extensively explain our reasoning, it does not contain any obvious errors. More importantly, we gave full consideration to each of Appellant's assignments of error in that opinion. And with regard to the motion to certify conflict, Appellant has failed to demonstrate how our opinion conflicts with a judgment pronounced upon the same question by any other court of appeals of this state.
 {¶ 4} Appellants disagreement with our decision arises from his misunderstanding of the law and the scope of appellate review. For instance, Appellant applies statutes and rules to situations where they do not apply and urges us to rely on evidence not contained in the record. The scope of our review is limited and we must apply the law to the facts contained in the record. For the reasons set forth below, Appellant's motion to reconsider and his motion to certify conflict are denied.
 Motion to Reconsider {¶ 5} Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard for reviewing such an application is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Columbus v. Hodge
(1987), 37 Ohio App.3d 68, paragraph one of the syllabus.
 {¶ 6} "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1996),112 Ohio App.3d 334, 336.
 {¶ 7} Appellant argues there are multiple instances where our decision contains obvious errors which require that we reconsider our decision, but which can be categorized into three sets of arguments. First, he contends we erred when criticizing the form and content of his brief. Second, he argues we erred when we determined that he waived his ability to raise certain issues relating to the appointment. Third, Appellant argues the trial court ignored the conflict of interest the guardian's attorney had when litigating this case. As a result of these "obvious errors", Appellant believes this court has demonstrated an "unwillingness to understand the real issues" in this case. We will address each of these arguments in turn.
 {¶ 8} Appellant's first set of arguments concern our criticism of the form and style of his brief. We found Appellant's arguments "extremely unorganized and difficult to read" and that the assignments of error were repetitive and contained unrelated issues under each assignment. Id. at ¶ 8. So rather than addressing the issues Appellant raised in the order that he raised them, we grouped them together in a meaningful way. We also chided Appellant for his repeated ad hominem attacks upon the trial court and opposing counsel.
 {¶ 9} Appellant argues that we erred when we did not address his assignments of error in the order he presented them. But he fails to demonstrate how our decision was error or prejudiced him in any way. We did not base our resolution of his appeal on how he formatted his brief and we addressed each of Appellant's assignments of error, just in a different manner than was originally presented to us. Simply stated, the way we organized our opinion is not obvious legal error and is not the basis for a motion to reconsider.
 {¶ 10} Appellant also contends we must reconsider our opinion since we criticized his attacks upon both the trial court and opposing counsel. He argues that his criticism was authorized by different rules and statutes and that it was necessary to show how the children at issue would be prejudiced. But he is incorrect since his arguments are not the proper subject for appeal. If he wishes to make arguments concerning the sanity and integrity of the trial court and opposing counsel, he should do so in an appropriate forum.
 {¶ 11} Appellant argues Civ.R. 35 authorizes him to question the mental competency of both the guardian and her attorney. Civ.R. 35 allows for the mental and/or physical examination of another party for the purposes of discovery in a civil case upon a showing of good case. But opposing counsel is not a party to the action and the Civil Rules do not apply to appeals. Civ.R. 1(C). Even if we wanted to, this Court could not order a mental examination of any party or opposing counsel. Civ.R. 35 does not make the sanity of the trial court and opposing counsel a proper subject for appeal.
 {¶ 12} Appellant next argues the Rules of Governance of the Ohio Bar permit him to question the mental capacity of the guardian's attorney. And in a sense Appellant is correct. Gov.Bar R. Rule 5 allows any person to file a grievance with the Board of Commissioners on Grievances and Discipline stating that an attorney is suffering from a mental illness. But the fact that Appellant is entitled to file a grievance challenging an attorney's mental capacity does not mean that he has carte blanche to raise the same issue regarding the trial court or opposing counsel in an appeal of a civil case. Once again, the fact that this Rule exists does not make the sanity of the trial court and opposing counsel a proper subject for appeal.
 {¶ 13} Finally, Appellant argues R.C. 2111.02 authorizes him to question the sanity of the trial court and opposing counsel. But that statute provides no such thing. Instead, it deals with the procedure a court must follow when appointing a guardian. It does not authorize in any way a challenge to the sanity of the trial court and counsel in an appeal from a guardianship.
 {¶ 14} Although Appellant believes it is necessary to make repeated personal attacks upon the trial court and opposing counsel, he is incorrect. These attacks are not only unnecessary; they are inappropriate. Once again, we advise him that these types of personal attacks are not proper legal arguments on an appeal from the trial court's decisions regarding a guardianship and should not be in an appellate brief. See Guardianship of Ahmed at ¶ 9. Appellant's arguments that we should reconsider our opinion because our criticism of his appellate brief is meritless.
 {¶ 15} In his second set of arguments, Appellant contends that we erred when we determined that he waived his ability to appeal a variety of issues relating to the appointment of the guardian by not raising his arguments at an appropriate time. He first argues he could not have raised those issues previously in the case since he was immune from service of process in any civil case while he was in jail awaiting his criminal trial. But the record does not reveal that Appellant raised this issue before the trial court. Furthermore, there is no evidence in the record supporting Appellant's argument.
 {¶ 16} R.C. 2963.23 provides that "[a] person brought into this state by, or after waiver of, extradition based on a criminal charge is not subject to service of personal process in any civil action in this state until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited." Appellant argues he was extradited to Ohio from New York to stand trial for a criminal charge, so he could not be served with notice of the guardianship proceeding. There is no evidence in the record supporting Appellant's claim that he was extradited.
 {¶ 17} Appellant argues he raised this issue to the trial court in a written pleading he served upon the trial court and that the trial court acknowledged receiving the information from him, but he contends that the trial court failed to file this document in the record. Appellant believes that by serving that document on the trial court he has preserved the issue for appeal. But Appellant is incorrect. If Appellant believed the record was inadequate or that the document he refers to was missing from the record, then he had the opportunity to correct or modify the record in accordance with App.R. 9(E). There is a procedure for correcting or modifying the record and we may not just take Appellant's word on what happened in front of the trial court. Appellant has appeared and participated in the proceeding without raising the issue of improper service. Accordingly he has waived the issue for the purposes of appeal. See Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156 (A court has personal jurisdiction over a party if that party or his legal representative voluntarily appears and submits to the jurisdiction of the court).
 {¶ 18} Moreover, there is no evidence in the record indicating that R.C. 2963.23 applies to Appellant. We know from the record that Appellant was in the Belmont County Jail at the time the guardianship proceedings began, but we do not know why. There is no indication in the record that Appellant was extradited to Ohio from New York or any other state. Appellant may believe that we should take judicial notice of this fact, if indeed he was extradited from New York to await trial on criminal charges. But a court generally may not take judicial notice of earlier proceedings in the court, except for proceedings in the immediate case under consideration. Calex Corp. v. United Steelworkers of Am. (2000),137 Ohio App.3d 74, 85. Appellant's extradition would not be in the same case as his children's guardianship, so we may not take judicial notice of it.
 {¶ 19} We note at this point that Appellant has attached an "Affidavit as Evidence Aliunde Record" to his motion to reconsider. In that affidavit, Appellant recites facts which would support this and other arguments. But we cannot consider these facts. We have repeatedly held that exhibits attached to a brief are not part of the record and cannot be considered on appeal. State v. Klempa, 7th Dist. No. 01 BA 63, 2003-Ohio-3482, ¶ 11; Nationwide Ins. v. Phelps, 7th Dist. No. 2002 CO 27, 2003-Ohio-497, ¶ 24; D'Amico v. D'Amico (July 17, 1998), 7th Dist. No. 94-CA-218. Appellant cites two cases for the proposition that we may consider his affidavit. But in those cases the affidavit was filed with the trial court prior to the appeal, not on appeal. Since Appellant did not do so in this case, we may not consider that affidavit when ruling on his application for reconsideration. His argument that he could not be served with notice of the guardianship proceedings is meritless.
 {¶ 20} Appellant next argues that even if R.C. 2963.23 does not apply, that he was not given notice of the trial court's judgment entry appointing the guardian. Accordingly, he argues he could not have timely appealed that judgment. But this belies the record we have before us on appeal, that a copy of the judgment entry was mailed to Appellant the day it was issued. Appellant urges this court to conduct an independent investigation to determine whether he received that notice. But we have neither the authority nor the power to do so. The record indicates that Appellant was mailed notice of the judgment entry appointing the guardian. Without evidence in the record to the contrary, we must accept that Appellant received the notice. His argument that he did not receive notice of the judgment entry appointing the guardian is meritless.
 {¶ 21} Appellant next argues the trial court did not have jurisdiction to begin the guardianship proceedings. Since he believes he may raise the issue of jurisdiction at any time, he argues we erred for holding that he waived issues relating to the appointment of the guardian by not timely appealing that appointment. Appellant is correct that the issue of subject matter jurisdiction cannot be waived and can be raised at any time during the proceedings. Civ.R. 12(H)(3); In re Byard (1996),74 Ohio St.3d 294, 296. But a party may waive lack of jurisdiction over the person. Civ.R. 12(B)(2); In re Burton S. (1999), 136 Ohio App.3d 386,391. Moreover, the reasons why Appellant believes the trial court did not have jurisdiction to proceed are fact specific and those facts are not contained in the record.
 {¶ 22} Appellant argues the trial court did not have subject matter jurisdiction over the guardianship proceedings since the subject children were not properly served notice, because they were not residents of and they did not have a legal settlement in Belmont County, Ohio. When the proposed guardian filed her application to be appointed guardian, she included a document titled "Waiver of Notice". In that document, Tahira Khan waived the issuance and service of notice and voluntarily entered an appearance in the children's names as their custodian. Appellant argues this waiver was ineffective because the statute does not allow a waiver of notice, because the Hague Convention requires that notice be served to consular authorities, because Khan was not actually the custodian of the children at the time the document was filed, and because Khan's signature was forged.
 {¶ 23} Appellant first argues that the children are subject to certain provisions of the Hague Convention since they are Pakistani citizens. But there is no evidence in the record that the children are, in fact, citizens of another country. Likewise, there is no evidence in the record demonstrating either that Khan was not the legal custodian of the children at the time she signed the waiver of notice or that her signature was forged. Finally, the record in each of the children's guardianship cases below indicates that they either were residents of or had a legal settlement in Belmont County and there is no evidence to the contrary. Accordingly, we cannot say either that the trial court erred when it did not give notice of the guardianship proceedings to the Pakistani consular authorities, that the waiver was invalid due to who signed the waiver form, or that the trial court improperly exercised jurisdiction over the children and their estates.
 {¶ 24} In his statutory argument, Appellant contends that the children must be served with notice of the guardianship proceedings and that the waiver in this case was ineffective since R.C. 2111.04(C) provides that by the person for whom the appointment is sought may not waive notice. But Appellant's argument ignores the plain language of the statute. That section provides that the child may not waive notice. But it does not say that the child's custodian may not waive notice.
 {¶ 25} R.C. 2111.04 governs whom a court must notify of guardianship proceedings. In cases involving the appointment of a guardian over a minor who is under fourteen years of age, the trial court must notify the child's parents, if the parents are free from disability; if there is no living parent or that parent is under disability, then the child's next of kin living in Ohio; or the person having legal custody over the child. R.C. 2111.04(A)(1). But the statute also specifically states that the person for whom the guardianship is sought may not waive the notice provided for in R.C. 2111.04(A)(1). R.C.2111.04(C). This is because the person for whom the guardianship is sought is presumably under a disability, whether it be age or mental illness, and does not have the mental capacity to execute a waiver of notice.
 {¶ 26} But this does not hold true for the parents or custodian of a child. An adult who is not suffering from a mental illness has the mental capacity to waive notice. Notably, R.C. 2111.04(C) does not say that no one may waive notice under that section. It states that the person for whom the guardianship is sought may not waive notice. In this case, the children's custodian, Khan, is not the person for whom the guardianship was sought. Accordingly, R.C. 2111.04(C) does not prevent her from waiving notice. Likewise, the other statutes and rules he cites, such as Civ.R. 4(D), Civ.R. 4.2(B), Civ.R. 72(C) and (G), and R.C. 2131.02(A) do not apply. They do not prohibit a child's custodian from waiving notice of guardianship proceedings. Appellant's argument in this regard is meritless.
 {¶ 27} In his final argument within his motion to reconsider, Appellant argues our opinion was obviously in error because we failed to address opposing counsel's conflict of interest in this case. He argues that opposing counsel had a clear conflict of interest in this case and that she should not have been able to represent the appointed guardian. He believes this is a basis for reconsideration since "courts [must] preserve [their] integrity and remain faithful to [the] law, and justice." But Appellant's argument is meritless since the record reveals not even a hint that opposing counsel has a conflict of interest or improperly represented the proposed guardian.
 {¶ 28} Opposing counsel filed the application for the guardian at the request of the deceased mother's relatives. There is nothing improper about this. The attorney is not representing those family members. She is representing her client, the guardian. The record does not indicate that she represents anyone with an interest adverse to the guardian or the children. Simply stated, the fact that the attorney was the mother's attorney prior to her death and is the attorney for the mother's estate does not mean she has a conflict of interest if she is the attorney for the guardian of the children's estates. Appellant's arguments to the contrary are meritless.
 {¶ 29} Each of the arguments Appellant raises in his motion to reconsider are meritless. They fail to demonstrate that our original opinion was obviously in error or that we failed to consider any of the arguments Appellant raised in his original brief to this court. Accordingly, his motion to reconsider is denied.
 Motion to Certify Conflict {¶ 30} Pursuant to App.R. 25, we must certify a conflict if our judgment conflicts with a judgment pronounced upon the same question by any other court of appeals of the state. Ohio Constitution, Article IV, Section 3(B)(4). Appellant raises three issues where he believes our decision conflicts with those of other courts of appeals. But as we will explain, our decision does not conflict with any of those decisions. Accordingly, Appellant's motion to certify conflict is denied.
 {¶ 31} Appellant first states that our decision conflicts with that of other courts of appeals on the following issue:
 {¶ 32} "If natural father was required to file an appeal from order of probate court establishing guardianships of minors, when minors reside in Canada, and were neither served any process by probate court upon filing applications, as per Hague Convention, and nor were served the order establishing guardianship over non-existing estates, and probate court failed to appoint counsels or guardian at litem to minors when father was immune from any service of civil process in any civil case per R.C. 2963.23, 2317.29, common law, due to his detention at county jail awaiting criminal trial, and was not resident of Belmont County."
 {¶ 33} Many of the facts which Appellant cites in support of this issue are facts outside the record. As we indicated above, there is no evidence in either of the cases that the child at issue resides anywhere other than in Belmont County, Ohio. There is no evidence the children were citizens of any country other than the United States, making the Hague Convention inapplicable. The children did not have to be served with notice of the guardianship proceedings under R.C. 2111.04 and their custodian was entitled to waive service of that notice. There is no evidence in the record that Appellant was extradited to Belmont County. Accordingly, there is no evidence supporting his argument that he was immune from suit. Since there is no evidence of these facts in this case, our decision does not conflict with cases or other authorities resolving issues containing those facts.
 {¶ 34} The only subject we have not yet addressed within this issue is Appellant's argument that the trial court could not establish a guardianship over the children's estates since the children did not yet have an estate at the time the guardianship was established. Appellant argues our conclusion conflicts with In re Baier (1900), 11 Ohio Dec. 47, 8 Ohio N.P. 107. In Baier, the court held that a court cannot appoint a guardianship of the estate for a minor who has no estate. But Baier
does not create a conflict with our case. It was a decision of the Franklin County Court of Common Pleas, not of a court of appeals in this state. Since we can only certify a conflict with the decision of another court of appeals, we may not certify a conflict on this issue in this case.
 {¶ 35} Appellant's second issue within his motion to certify conflict provides:
 {¶ 36} "If the person with whom minors children [sic] are placed in Canada in `temporary care' but is not appointed their legal custodian by any court, can waive trial/hearing on behalf of minors and consent to probate court's jurisdiction and subject matter jurisdiction of probate court, when probate court issued no process pursuant to Hague Convention and minors have neither residence in Belmont County, Ohio or USA, nor have any estate in County or Ohio? Did probate court lack personal, patent and subject matter jurisdiction?"
 {¶ 37} Once again, the subjects raised within this issue are based on facts which are not in the record before us. There is no evidence that Khan is not the children's legal custodian. There is no evidence that the children are subject to any term of the Hague Convention. There is no evidence that the children are not subject to the jurisdiction of the Belmont County probate court. Accordingly, our decision is not in conflict with any of the cases or authorities Appellant cites.
 {¶ 38} In the final issue Appellant raises in his motion to certify conflict, he argues:
 {¶ 39} "The issue/defect in subject-matter jurisdiction and personal jurisdiction (when preserved in trial court) and lack of patent and unambiguous jurisdiction, situs jurisdiction, and territorial jurisdiction are waived forever because order of probate court establishing guardianship of minor children was not appealed even when order is not served upon minors and natural father was under disability and immune from civil process at the time of appeal and also was not served."
 {¶ 40} We have already addressed the arguments contained within this issue. Appellant has failed to place the necessary evidence in the record. Accordingly, our decision does not conflict with the authorities Appellant cites in his motion to certify conflict. Since Appellant cannot demonstrate that our decision conflicts with that of other appellate courts in Ohio, his motion to certify conflict must be denied.
 {¶ 41} Since the record does not contain the facts Appellant refers to, we are forced to find his arguments meritless. Appellant argues our decision arises from our failure to understand his arguments But his disagreement with that decision comes from his failure to understand our role in the judicial process.
 {¶ 42} For the reasons stated above, Appellant's motion to modify and vacate our decision and his amended applications for reconsideration and motions to certify conflict are stricken and his motion to reconsider and motion to certify conflict are denied.
Waite, P.J., Donofrio and DeGenaro, JJ. concur.