OPINION JUDGMENT ENTRY
{¶ 1} Defendants-appellants Wade Snively and All American Home Health Care, Inc. appeal the September 24, 2004 Judgment Entry entered by the Canton Municipal Court, which granted judgment against appellants and in favor of plaintiff-appellee Fuller 
Associates, Inc., following a bench trial.
 STATEMENT OF THE CASE AND FACTS
{¶ 2} On June 5, 2003, appellee filed a complaint in the Canton Municipal Court, alleging breach of contract, fraud, and tortuous interference with contract. Appellee, named appellants Wade Snively and All American Home Health Care, Inc. ("All American") as well as Bruce Hambleton and Kay Hambleton as defendants.[1] Acting pro se, appellant Snively filed an answer on his own behalf as well as on behalf of appellant All American.
{¶ 3} Appellee filed a motion for leave to file an amended complaint on August 18, 2003, which the trial court granted via Judgment Entry filed August 20, 2003. The matter proceeded to bench trial on September 23, 2003. The trial court entered judgment in favor of appellee and against appellants, jointly and severely, in the amount of $8,000. Appellant Snively filed a Civ. R. 60(B) motion for relief from judgment on October 23, 2003, which the trial court overruled. It is from the September 24, 2003 judgment appellant appeals.
{¶ 4} At the outset, we note appellant's brief fails to comply with App. R. 12 and 16. Specifically, appellant fails to include a table of contents with page references; a table of cases; a statement of the assignments of error presented for review with reference to the place in the record where each error is reflected; a statement of the issues presented for review; a statement of the case and facts; a conclusion, and arguably, any argument containing the contentions of appellant with respect to each assignment of error; and the reasons in support of these contentions with citations to authorities, statutes and parts of the record upon which appellant argues. Each of these sections is required for an appellate brief pursuant to App. R. 16(A)(1) through (8).
{¶ 5} We also note appellant's brief violates App.R. 19(A), which requires, "double spacing between each line of text except quoted matter," and Loc.R. 9(B), which provides:
{¶ 6} "(B) Length of briefs. In addition to the requirements of App.R. 16, no appellant's * * * brief * * * excluding appendices, table of contents, table of cases, statement of assignments of error, and statement of the issues shall exceed thirty pages,unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages." (Emphasis added).
{¶ 7} Appellant's brief is thirty (30) single-spaced pages.
{¶ 8} Because appellant's brief appears to be in total non-compliance with the rules, we find this filing is tantamount to failing to file any brief. Although this Court has the authority under App.R. 18(C) to dismiss the appeal for failure to file a brief, we, nonetheless, elect not to dispose of appellant's appeal based upon the deficiencies of his brief.
{¶ 9} At oral arguments, appellant Wade Snively conceded the judgment against him individually is valid. Furthermore, because appellant failed to file a transcript, we presume the regularity of the trial court's proceedings, and would affirm the trial court's judgment against him individually. Knapp v. EdwardsLab. (1980), 61 Ohio St.2d 197, 197. We shall not entertain appellant's arguments relative to the corporation. Appellant is not a licensed attorney and cannot represent the company. An agent of a corporation who is not an attorney may not, in any circumstance, represent the corporation as a pro se advocate in court. See Union Savings v. Owner's Aid (1971),23 Ohio St.2d 60.
{¶ 10} Appellant's assignments of error are overruled.
{¶ 11} The judgment of the Canton Municipal Court is affirmed.
Hoffman, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant.
[1] Appellee was granted default judgment against Bruce and Kay Hambleton via Judgment Entry filed July 30, 2003.