[Cite as *In re I.T.A.*, 2012-Ohio-1689.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: GUARDIANSHIPS OF: | ) | CASE NOS. 11 BE 27 |
| | ) | 11 BE 29 |
| I.T.A. | ) | |
| | ) | |
| AND | ) | OPINION |
| | ) | |
| A.A. | ) | |
| | ) | |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                               Pleas, Probate Division, of Belmont
                               County, Ohio
                               Case Nos. 99GD594; 99GD593

JUDGMENT:                      Affirmed.

APPEARANCES:

For Appellant:                 Nawaz Ahmed, Pro se
                               #A404-511
                               Chillicothe Correctional Institution
                               15802 State Route 104, North
                               Chillicothe, OH 45601

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                               Dated: March 26, 2012

[Cite as *In re I.T.A.*, 2012-Ohio-1689.]

WAITE, P.J.

{¶1} In these two combined appeals, pro se Appellant Nawaz Ahmed is attempting to appeal over 30 orders and judgments filed in the guardianship cases of his two minor sons. The guardianships of the estate were created in 1999 after Appellant murdered his wife and three others. The guardianships were necessary to protect the insurance proceeds that the boys received due to their mother's murder. Appellant filed a previous appeal in the guardianship cases and lost that appeal. Appellant is now attempting to appeal virtually every trial court decision in the guardianships entered since 2004. He contends that he should have been notified of the successor guardianship appointment as well as all subsequent events in the guardianships; that all orders in the guardianships after the appointment of the successor guardian are void; that his brother should have been appointed as the successor guardian; and that the probate court had no authority to act after one of the boys reached his 18th birthday. Appellant's arguments have either been waived or are not supported by the law or the record. We overrule all of Appellant's arguments in the two appeals, and affirm the judgments of the trial court.

## Background

{¶2} Appellant appeals the decisions of the Belmont County Court of Common Pleas, Probate Division, in two separate guardianships of the estate. Appellant is the natural father of I.T.A., born Feb. 23, 1993, and A.A., born Sept. 1, 1995. The guardianships of the estate were set up in 1999 for the two boys after Appellant murdered his wife (the boys' mother) and three other family members. He was later sentenced to death for the murders. On direct appeal, the Ohio Supreme

Court affirmed his conviction and sentence. *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, reconsideration denied by 103 Ohio St.3d 1496, 2004-Ohio-5605, 816 N.E.2d 1081; certiorari denied by *Ahmed v. Ohio*, 544 U.S. 952, 125 S.Ct. 1703, 161 L.Ed.2d 531 (2005), rehearing denied by 545 U.S. 1124, 125 S.Ct. 2901, 162 L.Ed.2d 312. Appellant currently remains in prison awaiting execution.

{¶3} The main asset of the guardianship estates was the mother's $500,000 life insurance policy, split equally between the two boys. Appellant had previously challenged the validity of the guardianships and was rebuffed by both the probate court and this Court. *In re Guardianship of Ahmed*, 7th Dist. No. 02 BE 56, 2003-Ohio-5463, reconsideration denied by 7th Dist. No. 02 BE 56, 2003-Ohio-6390, appeal not allowed by 101 Ohio St.3d 1487, 2004-Ohio-1293, 805 N.E.2d 539.

{¶4} On July 19, 2011, Appellant filed a pro se notice of appeal in the guardianship of I.T.A. (Appeal No. 11-BE-27). In it, Appellant referenced 18 judgments or orders of the probate court beginning with an order dated July 23, 2004. This judgment entry appointed Grace Hoffman as the successor guardian to I.T.A. Neither this order nor the subsequent 16 orders listed in the notice of appeal were directly appealed in the time allotted by App.R. 4. The most recent order referred to in the notice of appeal is a June 22, 2011 order that terminated the guardianship pending the submission and court approval of the final accounting of the guardianship. This order was filed within 30 days of Appellant's July 19, 2011, notice of appeal. This order was interlocutory and will not become final until the court approves the final accounting (which apparently has not yet occurred). With very few

exceptions, interlocutory orders are not appealable and any appeal from such an order will be dismissed. *See, e.g., Bautista v. Kolis*, 142 Ohio App.3d 169, 174-175, 754 N.E.2d 820 (7th Dist.2001); *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994). We conclude that the orders and judgment entries listed in the notice of appeal are either interlocutory orders or are untimely because the 30-day period to appeal found in App.R. 4 has expired.

{¶5} Also on July 19, 2011, Appellant filed a motion in probate court in the guardianship of I.T.A. titled "Motion to Order the Guardian to Provide a Full and Complete Copy of her Files about this Guardianship and also file the same with the Probate Court ASAP." The primary goal of the motion was to induce the probate court to vacate all orders subsequent to February 22, 2011. The stated rationale was that I.T.A. had reached the age of majority on February 22, 2011, and Appellant argued that the probate court had no jurisdiction over the case after that date. Appellant also presented various claims and accusations against the successor guardian.

{¶6} In the guardianship case of A.A., Appellant filed a motion in the probate court seeking to vacate all decisions made by the successor guardian or the court from July 23, 2004 to the present, asking for an accounting of the guardianship, requesting the guardian to post a bond, and requesting that fees to the guardian be denied. This motion was filed with the above other motions on July 19, 2011.

{¶7} On August 15, 2011, Appellant filed an appeal in the guardianship of A.A. (Appeal No. 11-BE-29), even though the probate court had not yet ruled on his July 19th motion. He appealed 14 different court orders, again starting with the order

of July 23, 2004, appointing Grace Hoffman as successor guardian. The most recent order listed in his notice was entered on May 9, 2011. The 30-day time period to appeal that judgment had expired by the time Appellant filed his notice of appeal on August 15, 2011. It does not appear that there are any final orders listed in this second notice of appeal that are actually appealable.

**{¶8}** The trial court overruled both of Appellant's motions to vacate on August 19, 2011. Appellant later amended both of his notices of appeal to include the August 19, 2011, judgment entries.

**{¶9}** The only final appealable orders that may be reviewed at this time are the judgment entries filed on August 19, 2011, overruling the two motions to vacate filed by Appellant on July 19, 2011.

### Issues on Appeal

**{¶10}** Appellant has filed two very similar briefs on appeal. Although Appellant has listed a variety of assignments of error, the arguments supporting each assignment of error are rambling, repetitive, difficult to decipher, and at times incoherent. He refers to documents that are not in the record; he personally attacks the guardian and the trial court while making his arguments; and he has violated numerous procedural rules on appeal. We will address a number of these preliminary matters before we attempt to glean the substance of any issues that may be discerned from Appellant's filings on appeal.

**{¶11}** Appellant has been previously warned against using court filings as a forum for personal attacks against the guardian, the attorneys in the case, and the trial judge: "These types of personal attacks are, of course, not legal arguments and

should not be in an appellate brief. We advise Ahmed that he should not dilute his legal arguments with this type of invective in the future." *In re Guardianship of Ahmed*, 7th Dist. No. 02 BE 56, 2003-Ohio-5463, ¶9. Appellant has attacked both guardian Hoffman and the probate judge in these appeals, as well as in his filings with the probate court. These types of personal vituperations, upbraidings, and abusive tirades against officers of the court have no place in legal filings and are stricken from the record.

{¶12} Although we are aware that Appellant is acting pro se, he is nevertheless bound by the same rules and procedures as litigants who retain counsel. *Meyers v. First National Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981). This extends to the rules governing the content, size and parameters of the briefs filed on appeal. Many of those parameters are found in App.R. 19(A), which states: "[w]ithout prior leave of court, no initial brief of appellant * * * shall exceed thirty-five pages in length" and shall have "double spacing between each line of text except quoted matter". Appellant has submitted a 35-page, single-spaced brief. He has also exceeded the margin requirement for the text set forth in App.R. 19(A). Because the text of the brief is single-spaced and exceeds the maximum margins, it is effectively more than twice the size permitted by App.R. 19(A). The rules for the size and parameters of the appellate brief are there to set maximum limits that apply to all litigants. One court has considered an appellant's disregard of the double-spacing rule as "tantamount to failing to file any brief," and we agree. *Fuller & Associates v. Am. Home Health Care, Inc.*, 5th Dist. No. 2003CA00377, 2004-Ohio-4342, ¶8. Any exceptions to the prescribed size and

format of the briefs must have prior permission of the court, and no such permission was requested, argued or granted. App.R. 19(A); Loc.R. IV. We have previously warned Appellant that he risks dismissal of his appeals due to violations of the rules governing page limits, spacing, and other aspects of the appellate brief. *In re Conservatorship of Ahmed*, 7th Dist. Nos. 01 BA 13 and 01 BA 48, 2003-Ohio-3272.

{¶13} Hence, we would ordinarily simply dismiss these appeals due to the irregularities mentioned above. However, we will grant Appellant the courtesy of briefly addressing the main themes that we believe he is raising in his briefs. Those themes are: Appellant's frustration with not being notified about the successor guardianship appointment or the events occurring after that appointment; Appellant's belief that all orders issued on or after July 23, 2004, in both guardianships are void and should be vacated because the appointment of the successor guardian was invalid; his contention that his brother should have been appointed successor guardian; and his belief that all court orders issued in the guardianship of I.T.A. after February 23, 2011 (the date the boy turned 18) are void because the guardianship ended on that date.

{¶14} The judgments under review in this appeal are the two entries issued on August 19, 2011. The motions were primarily Civ.R. 60(B) motions seeking to vacate a wide variety of probate court judgments and orders. To prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are

Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146,351 N.E.2d 113 (1976), paragraph two of the syllabus. Absent an abuse of discretion, a reviewing court will not disturb a trial court's decision to grant or deny a Civ.R. 60(B) motion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). "Abuse of discretion" connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} It is axiomatic that a Civ.R. 60(B) motion may not be used as a substitute for direct appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548 (1998); *Doe v. Trumbull Cty. Child. Serv. Bd.*, 28 Ohio St.3d 128, 131, 502 N.E.2d 605 (1986). Moreover, the rule cannot be used to circumvent or extend the time for filing an appeal. *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982). Appellant has clearly attempted to use his July 19, 2011 motions to vacate over 30 judgments and court orders that had not been directly appealed. A Civ.R. 60(B) motion cannot be used in this way, and therefore, Appellant cannot use this appeal to collaterally attack any judgment entries issues prior to August 19, 2011.

{¶16} Appellant also used the July 19, 2011, motions to call for an accounting of the guardianships. Appellant did not file exceptions to any of the interim periodic accountings in either estate as required by R.C. 2109.33. In order to challenge a guardian's administration of an estate, exceptions to the account must be filed. *Guardianship of Skrzyniecki*, 118 Ohio App.3d 67, 72, 691 N.E.2d 1105 (6th

Dist.1997). Appellant has waived any errors regarding the administration of the two guardianship estates by failing to file exceptions.

**{¶17}** Appellant further used the July 19, 2011, motions to attack the validity of the successor guardian's authority. Appellant claims that he did not receive notice of the proceedings regarding the successor guardian, and for that reason, the appointment of the successor guardian should be voided. Appellant appears to be relying on the requirement in R.C. 2111.04(A)(1) that notice of the guardianship proceedings be given to the child's next of kin and "[u]pon each parent of the minor * * * provided the parent is free from disability other than minority." This issue was not raised in either of the motions that Appellant filed in the probate court, and neither the guardian nor the probate court has had an opportunity to address it. This is reason enough to dismiss Appellant's argument. An appellate court will not consider any alleged error in a civil matter which the complaining party could have called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). This rule applies to probate court proceedings and to issues regarding proper notice: "it should be noted that * * * appellant failed to raise the issue of lack of notice in the probate court. Thus, she has waived this argument on appeal." *In re Estate of Lindsay*, 7th Dist. No. 04-MA-259, 2005-Ohio-5930, ¶12.

**{¶18}** In addition, R.C. 2111.04(A)(1)(b) does not require notice to be given to parents or next of kin for successor guardianship proceedings. This issue was thoroughly examined in *Matter of Edwards*, 8th Dist. No. 72473, 1998 WL 122360 (Mar. 19, 1998): "The requirements of R.C. 2111.04 are met if notice is given that the

jurisdiction of the court has been invoked on the question of whether or not a guardian should be appointed. Notice need not be given that a second person has applied for the position of guardian, even if the second person is appointed guardian. The identity of the appointee does not [a]ffect the substantive rights of the ward. If the substantive rights of the ward are not [a]ffected, the substantive rights of the next of kin are not [a]ffected either. * * * Ohio law does not require that notice be given to the next of kin of the appointment of the successor guardian." (Citations omitted.) *Id.* at *2.

{¶19} We also note that notice under R.C. 2111.04 is not required to be given to a parent under a "disability other than minority." Appellant is under the legal disability of his conviction and present incarceration for aggravated murder. The definition of legal disability has traditionally included those who are serving a prison term: "[P]ersons under age, insane persons, and convicts are said to be under legal disability." Black's Law Dictionary 461 (6th Ed.1990). *See also*, R.C. 2111.01(D) (which defines incompetent to include "any person confined to a correctional institution within this state."); R.C. 2131.02 (which defines "legal disability" as "[p]ersons in captivity"). For each of these reasons, his arguments regarding the alleged lack of notice of the successor guardianship proceedings are overruled.

{¶20} Appellant argues that he should be permitted to appeal all judgments entered as far back as 2004, because he was not notified of the guardian's activities or the court's filings. He believes he should have received notice of every court order in these guardianship cases because he is the natural parent of the children. He provides no legal basis for that conclusion. There is nothing in R.C. Chapter 2111

that requires the court to notify the natural parent of any event, order or judgment taking place in the guardianship, except for the initial hearing to appoint a guardian as explained earlier.

{¶21} Appellant contends that Juanita Lewis was never officially removed as guardian; that Grace Hoffman somehow unilaterally imposed herself as successor guardian; and that the appointment of the successor guardian was never journalized. There is no basis in the record to support Appellant's claims. On July 12, 2004, the prior guardian Juanita Lewis filed a motion to appoint a successor guardian because Ms. Lewis had a terminal illness. Ms. Hoffman applied to be the successor guardian. The court held a hearing on July 23, 2004, and Grace Hoffman was duly appointed as successor guardian. The probate court's journal reflects that Attorney Hoffman was appointed successor guardian on July 23, 2004. The record contains all the proper documentation to establish that Ms. Lewis resigned and Ms. Hoffman was appointed as successor.

{¶22} Appellant contends that his brother, Ilyas Ahmed, should have been appointed as successor guardian due to provisions in Appellant's will. Appellant made a similar argument in his first appeal of the guardianships and lost that appeal. *In re Guardianship of Ahmed*, *supra*, 7th Dist. No. 02 BE 56, 2003-Ohio-5463, ¶10. We give the same response now that we gave in that case: " 'It is well-established that an order appointing a guardian is a final order from which an appeal may be taken.' *In re Lajoie* (Mar. 31, 1998), 6th Dist. No. L-96-408, at 5. Since Ahmed did not directly appeal that decision, he has waived the right to raise those issues at a later time. *Dayton Women's Health Center v. Enix* (1990), 52 Ohio St.3d 67, 70, 555

N.E.2d 956." *Id.* at ¶11. It is also apparent that Appellant's brother Ilyas Ahmed never applied to be guardian pursuant to the requirements of R.C. 2111.03, and thus, he could not have been so appointed.

**{¶23}** Appellant's next argument centers around the probate court's continuing involvement with the guardianship of I.T.A. after he reached his 18th birthday on February 23, 2011. Appellant contends that, pursuant to *In re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, the probate court's jurisdiction ended on that day and that all of the court's decisions, orders and judgments after that date are invalid and void. It is true that a guardianship predicated on the ward's minor status ends when the ward reaches the age of majority. *Id.* at syllabus; *see also* R.C. 2111.46. Nevertheless, the probate court also is required to preside over the final accounting of the ward's estate, and for this reason, the probate court retains continuing jurisdiction over the guardianship until it is settled and final, despite the fact that the final accounting will occur after the ward's 18th birthday. "R.C. 2109.302(A) * * * necessarily provides an independent grant of jurisdiction to the probate court for the consideration and settlement of a guardian's final account * * *." *Id.* at ¶27. The probate court in this case correctly stated that it retained continuing jurisdiction over the guardianship even after I.T.A. reached the age of majority in order to account for the funds in the guardianship.

**{¶24}** Finally, Appellant argues that the trial court somehow failed to supplement the record on appeal in Case No. 11 BE 27 (guardianship of I.T.A.) pursuant to App.R. 9(E). App.R. 9(E) provides the procedure to correct or modify the record on appeal. Appellant submitted a request to the trial court to add three

documents to the record on appeal, and the motion was denied. One of the documents, a judgment entry, is already in the record. The second and third documents are a last will and testament and a bill for services. There is no indication on the documents themselves or in the docket that they were ever part of the record in I.T.A.'s guardianship. Appellant has also failed to file a motion with this Court to correct the potential App.R. 9(E) problem. Merely mentioning a possible App.R. 9(E) error in a party's merit brief does not preserve the error for review. *Thomas v. Harmon*, 4th Dist. No. 08CA17, 2009-Ohio-3299, ¶24.

{¶25} In conclusion, there are no meritorious issues raised in these two appeals. Appellant has waived all possible issues regarding the judgments or orders entered prior to August 19, 2011, by not filing direct appeals of those orders. Appellant improperly attempted to use Civ.R. 60(B) as a substitute for direct appeal, and therefore, the only entries properly on appeal are those from August 19, 2011. He has waived any issues regarding the administration of the successor guardian over the guardianship estates by failing to file exceptions to the interim accountings. He waived any error regarding insufficiency of notice of the appointment of the successor guardian by failing to raise it in the trial court. In addition, the guardianship statutes do not require notice to be sent to the natural parent or next of kin in successor guardian proceedings. The record reflects that the successor guardian was properly appointed and the appointment was journalized. Appellant did not timely challenge the appointment of the successor guardian or argue at that time that his brother should have been appointed instead, hence, this issue is waived. The probate court has continuing jurisdiction to administer the final accounting of the

estate of I.T.A. after his 18th birthday, pursuant to the holding of *In re Guardianship of Hollins, supra*. Appellant failed to properly supplement the record, and any error regarding whether the record should have been supplemented is waived. All of Appellant's arguments are overruled, and the two judgment entries issued by the probate court on August 19, 2011, in the guardianship cases of A.A. and I.T.A. are affirmed. Appellant's attempted appeal of any judgment entries, decisions or orders of the probate court prior to August 19, 2011, are hereby dismissed.

Donofrio, J., concurs.

DeGenaro, J., concurs.