STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: GUARDIANSHIPS OF: | ) | CASE NOS. 11 BE 27 |
| | ) | 11 BE 29 |
| I.T.A. | ) | |
| | ) | |
| AND | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| A.A. | ) | |
| | ) | |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:      Motion to Certify Conflict;
Motion for En Banc Consideration;
Motion for Reconsideration.

JUDGMENT:      Overruled.

APPEARANCES:

For Appellant:      Nawaz Ahmed, Pro se
#A404-511
Chillicothe Correctional Institution
15802 State Route 104, North
Chillicothe, OH 45601

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: May 29, 2012

PER CURIAM.

**{¶1}** Appellant Nawaz Ahmed has filed three post-decision motions in the appeal of *In re I.T.A.* and *In re A.A.* He has filed a motion to certify a conflict, a motion for reconsideration, and a motion for en banc consideration. For the following reasons all three motions are overruled.

**{¶2}** As a preliminary matter, Appellant is once again using his court filings as a means to engage in personal attacks. We have repeatedly warned Appellant about this behavior. *In re I.T.A.*, 7th Dist. Nos. 11 BE 27, 11 BE 29, 2012-Ohio-1689, ¶11; *In re Guardianship of Ahmed*, 7th Dist. No. 02 BE 56, 2003-Ohio-5463, ¶9. We once again strike all personal attacks from the record. Because these improper comments permeate all three motions, it is difficult to find any true substance in the motions. We will attempt to respond to these as far as possible utilizing the basic law governing each motion.

**{¶3}** First, we address Appellant's motion to certify a conflict. Under App.R. 25(A), a party can file a motion to certify a conflict within ten days of the appellate court's decision. Section 3(B)(4), Article IV of the Ohio Constitution gives the judges of a court of appeals the power to certify the record of a case to the Supreme Court of Ohio "[w]henever * * * a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals." Before certifying a case to the Supreme Court of Ohio, an appellate court must satisfy three conditions: (1) the court must find that the asserted conflict is upon the same question; (2) the alleged conflict must be on a rule of law rather than on facts;

(3) in its journal entry or opinion, the court must clearly set forth the rule of law that it contends is in conflict with the judgment on the same question by another district court of appeals. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

**{¶4}** Appellant cites two Ohio Supreme Court cases that he alleges are in conflict with our Opinion. However, "App.R. 25 only authorizes the certification of a conflict between the opinions of two or more courts of appeals, and not between a court of appeals and the Ohio Supreme Court." *State v. Yeager*, 7th Dist. No. 03CA786, 2004-Ohio-4406, ¶2. We cannot certify a conflict between our Opinion and that of the Ohio Supreme Court. Appellant also cites five cases from other appellate districts that he appears to assume, without explanation, conflict with our Opinion. Merely providing a court of appeals with case citations does not establish a conflict pursuant to App.R. 25 and does not satisfy the requirements of *Whitelock, supra.* Because Appellant has not referenced any specific conflict in any of the five cases, much less that the matters conflict on the same question or that the question is one of law rather than fact, we overrule Appellant's motion to certify a conflict.

**{¶5}** We now turn to Appellant's motion for reconsideration under App.R. 26(A)(1). "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus. In other words, a motion for reconsideration must call to the attention of

the appellate court an obvious error in its decision or point to an issue that had been raised but was inadvertently not considered. *Juhasz v. Costanzo*, 7th Dist. No. 99CA294, 2002 WL 206417 (Feb. 7, 2002). The purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶2. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005-Ohio-1766, ¶16.

**{¶6}** In our underlying Opinion, here, we attempted to address, in some reasonable fashion, arguments that were "rambling, repetitive, difficult to decipher, and at times incoherent." *In re I.T.A., supra,* 7th Dist. Nos. 11 BE 27, 11 BE 29, 2012-Ohio-1689, at ¶10 (decided March 26, 2012). Appellant's arguments in favor of reconsideration are no different. Appellant does not acknowledge the record before us, nor that he even raised many of the arguments that appeared in his appellate briefs. Even though Appellant's briefs did not conform to the Rules of Appellate Procedure, out of courtesy we addressed the relevant issues we were able to glean from those briefs. The primary issue underlying many of Appellant's arguments was his assertion that he should have received notice of the successor guardian's appointment. We concluded that he was not entitled to notice. *Id.* at ¶18. He also disagreed with our conclusion that he was not entitled to notice of the events, orders and judgments in the guardianship after the guardian was appointed. *Id.* at ¶20. Almost all of his remaining issues were moot once we decided these two matters. For example, his argument that we should have allowed him to file and prosecute

untimely appeals of dozens of court orders because he did not receive notice of the orders is clearly moot if he was not entitled to notice in the first place. We will not review on reconsideration issues that did not merit review in the initial appeal.

{¶7} We note that, Appellant does raise a jurisdictional matter, here. Appellant argues that we should have vacated the two probate court judgment entries issued on August 19, 2011. Appellant contends that the trial court lacked jurisdiction to issue judgments on August 19, 2011 once he filed his appeals on July 19th and August 15th. A trial court generally loses jurisdiction to make further rulings after an appeal is filed if those rulings are inconsistent with the jurisdiction of the court of appeals. *Yee v. Erie County Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). In this case, though, Appellant's initial appeals did not reference any final appealable orders and would have been dismissed except for the fact that he subsequently filed amended notices of appeal. Those amended notices of appeal allowed us to review the August 19, 2011 judgment entries. Since those entries contained the only final appealable orders in this case and they were issued prior to the filing of the amended notice of appeal, the matters contained within those judgment entries could not be inconsistent with our jurisdiction which had not yet been properly invoked. Hence, we had no reason on which to base a decision to vacate the August 19th entries.

{¶8} We interpret Appellant's arguments in support of reconsideration as nothing more than an expression of his disagreement with our Opinion, and we cannot grant reconsideration on that basis. The motion for reconsideration is overruled.

**{¶9}** Appellant's third motion is a motion for en banc consideration under App.R. 26(A)(2), which states: "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed." App.R. 26(A)(2)(a). The application for en banc consideration must "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court's decisions." App.R. 26(A)(2)(b). Appellant has not raised any conflict with a prior panel of this Court on any dispositive issue on appeal, nor has he explained why en banc consideration is necessary. Therefore, the motion for en banc consideration is denied.

**{¶10}** Having found no meritorious arguments, we hereby overrule Appellant's motion to certify a conflict, motion for reconsideration, and motion for en banc consideration.

Waite, P.J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.