OPINION
{¶ 1} Defendant-appellant, Anita Baker, appeals the decision of the Butler County Area I Court entering judgment in favor of plaintiff-appellee, Ray Day, after Day brought a forcible entry and detainer action against Baker. We affirm the area court's decision.
 {¶ 2} Baker owns a mobile home and rented space from Day at his mobile home park. After Baker had been cited numerous times by the city of Oxford for operating a kennel in a residential district, Day served Baker with a three-day notice to vacate the premises. The notice, dated March 27, 2003, ordered Baker to vacate by April 1, 2003. On April 7, 2003, Day filed a forcible entry and detainer action against Baker pursuant to R.C. 1923.02. The complaint alleged that Baker violated mobile home park rules regarding the number of allowable pets, and also violated city of Oxford regulations.
 {¶ 3} After a hearing on April 18, 2003, an area court magistrate issued an entry finding that Baker violated the rules of the mobile home park, and that she was in default on rent. Having found that Baker properly received the three-day notice to vacate pursuant to R.C. 1923.04, the magistrate ordered Baker to vacate the premises by noon on April 25, 2003.
 {¶ 4} Baker filed objections to the magistrate's decision. The area court sustained Baker's objections related to the nonpayment of rent, but overruled Baker's objections as to the mobile home park rule violations. Therefore, the court ruled that the magistrate's eviction order remained in effect.
 {¶ 5} Baker now appeals, assigning 15 errors. In her first assignment of error, Baker argues that she complied with the terms of the three-day notice and therefore could not be lawfully evicted. The three-day notice stated the following to Baker: "you will be allowed to stay in this mobile home park only if you immediately comply with our rules and the city of Oxford's code requirement on pets."
 {¶ 6} The three-day notice was dated March 27, 2003. Day stated to the area court that he delivered the notice to Baker on that date. At the eviction hearing on April 18, 2003, Baker admitted to the area court that she currently had four dogs at her mobile home. The park rules, as modified by a June 1, 2002 letter included in the record, state that residents are allowed no more than two pets per home. Therefore, the record shows that Baker had not complied with the terms of the three-day notice. Accordingly, Baker's first assignment of error is overruled.
 {¶ 7} In her second and thirteenth assignments of error, Baker argues that she did not violate park rules regarding pets. Day stated to the area court that he delivered a copy of the park rules to Baker. Day also stated that he informed all park residents in a letter that only two dogs were allowed per home. Day provided that letter, dated June 1, 2002, to the area court. Baker claimed that she never received the letter.
 {¶ 8} A reviewing court should presume that a trial court's findings of fact are accurate because the trial court is best able to view the witnesses, observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the witnesses. Seasons Coal Co., Inc. v. City ofCleveland (1984), 10 Ohio St.3d 77, 80. We accept the trial court's findings of fact unless clearly erroneous. See WillisRefrigeration, Air Conditioning Heating, Inc. v. Maynard (Jan. 18, 2000), Clermont App. No. CA99-05-047.
 {¶ 9} The area court specifically found that Baker violated the park rules. Baker herself admitted at the eviction hearing that she currently had four dogs at her home, a violation of park rules. The record does not indicate that the area court's factual determination that Baker violated park rules was "clearly erroneous." The area court was in the best position to determine the credibility of Day and Baker, including as to whether Baker received the June 1, 2002 letter. Accordingly, Baker's second and thirteenth assignments of error are overruled.
 {¶ 10} In her third assignment of error, Baker argues that federal law "deems therapy animals exempt from * * * pet rules." Attached to her appellate brief, Baker includes a letter from Jeffrey Musgrove, a clinical psychologist, who has provided psychological counseling to Baker since January 2003. The letter discusses the mental and emotional benefits Baker's dogs have provided her in dealing with clinically diagnosed depression and the suicide of her husband in 1998. We note that this letter was not before the area court when it made its decision.
 {¶ 11} Baker does not state in her brief the specific federal law that exempts her from the pet rules, and we cannot find such federal law. The Fair Housing Amendments Act of 1988 (Section 3601 et seq., Title 42, U.S. Code) does contain prohibitions against disability discrimination. However, Baker clearly did not offer sufficient proof to the area court that she was disabled within the meaning of Section 3602(h), Title 42, U.S. Code, or that Day was required to "reasonably accommodate" her within the meaning of Section 3604(f)(3)(B), Title 42, U.S. Code by allowing her to have more than two dogs at her home.
 {¶ 12} We also note that because the psychologist's letter was not part of the area court's record and was not considered by the area court, we cannot consider the letter in making our decision. A reviewing court cannot consider evidence the trial court did not use when reaching its decision. See App.R. 9(A);Murphy v. City of Reynoldsburg, 65 Ohio St.3d 356, 360,1992-Ohio-95. See, also, In re Guardianships of Ahmed, Belmont App. No. 02 BE 56, 2003-Ohio-6390, at ¶ 19 ("exhibits attached to a brief are not part of the record and cannot be considered on appeal"). Based on the record before us, we overrule Baker's third assignment of error.
 {¶ 13} In her fourth assignment of error, Baker argues that Day "is estopped from proceeding with * * * [the] eviction" because he accepted future rent. According to an April 16, 2003 letter included in the record, Day accepted rent through April 2003. That rent was paid on behalf of Baker by her prayer group. Baker argues that because Day accepted rent for a period of time after he served the three-day notice to vacate on March 27, 2003, he should not have been able to proceed with the eviction. In support of her argument, Baker cites Marchioni v. Wilson (M.C. 1984), 20 Ohio Misc.2d 10.
 {¶ 14} We find Marchioni distinguishable from this case. InMarchioni, the landlord sought eviction based solely on the tenant's nonpayment of rent. The landlord's acceptance of rent following the service of the three-day notice to vacate led the tenant to believe that the landlord would allow her to remain on the premises. In this case, Day's eviction action was not based on unpaid rent. Day's notice to vacate and his forcible entry and detainer complaint alleged as the grounds for eviction Baker's violation of park rules and the city of Oxford code. It does not logically follow that Day's acceptance of rent led Baker to believe that Day would not proceed with the eviction. Even with the payment of rent, Baker was still in violation of park rules and the city of Oxford code due to her dogs. Accordingly, we do not find that Day's acceptance of rent after he served Baker with the three-day notice voids the eviction.[1] We overrule Baker's fourth assignment of error.
 {¶ 15} In her fifth and sixth assignments of error, Baker argues that a "manufactured home park operator cannot successfully maintain an action in forcible entry and detention unless the tenant is in default in payment or has breached the terms of a rental agreement." In support of her argument, Baker cites Schwartz v. McAtee (1986), 22 Ohio St.3d 14.
 {¶ 16} At the time Schwartz was decided, R.C.1923.02(A)(10) stated that "manufactured home tenants who have defaulted in the payment of rent or breached the terms of a rental agreement" were subject to a forcible entry and detainer action. At that time, there was no language in R.C. 1923.02
stating that manufactured home park residents who violated park rules were subject to a forcible entry and detainer action. However, R.C. 1923.02 was soon amended (in 1988) to state that "manufactured home park residents who have committed two material violations of the rules of the manufactured home park * * * or of applicable state and local health and safety codes" are also subject to a forcible entry and detainer action. R.C.1923.02(A)(11). Baker was cited 11 times by the city of Oxford for operating a kennel in a residential district in violation of Oxford City Code 1129.03b. Baker was also in continuous violation of the mobile home park rules. Therefore, based on the amended statute, Baker was subject to a forcible entry and detainer action. Accordingly, we overrule Baker's fifth and sixth assignments of error.
 {¶ 17} In her seventh and eighth assignments of error, Baker argues that there was no breach of park rules because Day effectively modified the rules by his past conduct of allowing her to have dogs. Baker states that prior to her tenancy, she obtained Day's approval for "dog housing" and has had numerous dogs since her tenancy began in early 1994. In support of her argument, Baker cites Crossroads Somerset Ltd. v. Newland
(1987), 40 Ohio App.3d 20.
 {¶ 18} In Newland, the court of appeals held that a landlord could not evict a tenant based on a late payment policy because the landlord had failed to enforce the policy three times following the tenant's violation of the policy. Newland at 23. Given the landlord's acquiescence, the court found that the landlord had waived the application of the late payment policy. Id.
 {¶ 19} This case is distinguishable from Newland. Baker began renting space from Day in 1994. Baker states that she provided a physician's statement to Day in 1996 regarding the therapy use of her dogs. At that time, according to Baker, Day stated that he did not care how many dogs Baker had at her home. We note that the park rules at that time did not restrict the number of dogs per home. However, on June 1, 2002, Day sent the letter to all residents of the park, modifying the park rules by stating that no one was allowed more than two dogs per home. Baker does not argue and the record does not show any acquiescence by Day to Baker's dogs after Day's policy changed on June 1, 2002. Therefore, the record does not support Baker's argument that Day modified the terms of the park rules by his conduct. Baker's seventh and eighth assignments of error are overruled.
 {¶ 20} In her ninth assignment of error, Baker states that the "mobile home is [the] total property of defendant." Despite the fact that the mobile home was her "total property," Baker was nevertheless subject to a forcible entry and detainer action due to her violation of park rules and the city of Oxford code. See R.C. 1923.02(A)(11). Cooper v. Curtis (July 22, 1991), Stark App. No. CA-8378, cited by Baker, merely held that the landlord in that case could not utilize R.C. 5321.17 to terminate his tenant's periodic tenancy because he did not own that tenant's trailer. Day's action as a mobile home park operator against a tenant who owns a mobile home and rents space was viable under R.C. 1923.02(A)(11). Accordingly, Baker's ninth assignment of error is overruled.
 {¶ 21} In her tenth assignment of error, Baker states that the "landlord must schedule a date and time for set out of all of tenants [sic] belonging[s] with the bailiff, who supervises the set out." Baker also states that the "landlord is to have sufficient manpower and equipment to accomplish set out," and that the "landlord cannot retain possession of any of tenants [sic] belongings."
 {¶ 22} We overrule Baker's tenth assignment of error. After reviewing the record, we find no evidence that Day unlawfully retained any of Baker's belongings, or failed to follow required procedure with regard to the removal of any of Baker's belongings.
 {¶ 23} In her eleventh assignment of error, Baker argues that Day failed to provide her with the notice required by statute and therefore could not prevail in the action. The area court specifically found that Baker was served with the three-day notice as required by R.C. 1923.04. We find no evidence in the record that Day failed to comply with R.C. 1923.04. The three-day notice included in the record satisfies the requirements of R.C.1923.04. Day testified before the area court that he delivered the three-day notice to Baker on March 27, 2003, more than three days prior to filing the action. Because the record does not support her argument, we overrule Baker's eleventh assignment of error.
 {¶ 24} In her twelfth assignment of error, Baker merely states that "retaliatory actions are barred as grounds for eviction." Baker correctly states the law with respect to retaliation. See R.C. 3733.09. However, Baker never raised this argument before the area court. The failure to raise an argument in the trial court waives one's right to raise that argument on appeal. See Foran v. Fisher Foods, Inc. (1985),17 Ohio St.3d 193, 194. Even if Baker had raised the retaliation argument in the area court, our review of the record reveals no support for that argument. Accordingly, we overrule Baker's twelfth assignment of error.
 {¶ 25} In her fourteenth assignment of error, Baker states that her dogs were always healthy, that they were never a danger, that they never excessively barked, that they were vaccinated, and that they never ran at large. Regardless of the health and good behavior of her dogs, Baker was nevertheless subject to a forcible entry and detainer action under R.C. 1923.02(A)(11) because having the dogs violated park rules and the city of Oxford code. Accordingly, Baker's fourteenth assignment of error is overruled.
 {¶ 26} In Baker's fifteenth and final assignment of error, Baker states that Day continued to report Baker's violation of the city code even after she complied with the code by reducing the number of dogs in her care. She states that the city continued to cite her without coming to her mobile home to verify the number of dogs. First, we note that the record provides no support for Baker's statements. Second, even assuming the Oxford city code violations were invalid, Baker was still subject to a forcible entry and detainer action for violating park rules. See R.C. 1923.02(A)(11). Accordingly, we overrule Baker's fifteenth assignment of error.
 {¶ 27} Having overruled all fifteen of Baker's assignments of error, we affirm the judgment of the area court.
Young, P.J., and Valen, J., concur.
[1] This court stayed Baker's eviction while her appeal was pending. Therefore, Day did not retain any rent for the time period after he filed his notice to vacate that he was not legally entitled to collect.