[Cite as *State v. Johnson*, 2024-Ohio-3237.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-01-003 |
| | : | O P I N I O N |
| - vs - | | 8/26/2024 |
| | : | |
| DOMINIC D. JOHNSON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20230055


Nick Adkins, Madison County Prosecuting Attorney, and Rachel M. Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.


Shannon M. Treynor, for appellant


**M. POWELL, J.**

{¶ 1} Appellant, Dominic Johnson, appeals the sentence he received in the Madison County Court of Common Pleas following his guilty plea to aggravated possession of drugs.

**{¶ 2}** Appellant was hired in 2019 as a corrections officer at the London Correctional Institution and was so employed in 2023. In June 2023, appellant was indicted on one count of aggravated possession of drugs and three counts of illegal conveyance of drugs of abuse onto the grounds of a detention facility. The charges stemmed from an incident on March 13, 2023, during which the institution conducted a general shakedown of its employees and appellant was found in possession of 112 individual baggies of methamphetamine for a total weight of 160 grams, 256 strips of suboxone, 10 sheets of legal-sized paper soaked in narcotics, and 12 packages of marijuana.

**{¶ 3}** Appellant pled guilty to one count of aggravated possession of drugs, a first-degree felony, and the remaining charges were dismissed. The trial court ordered a presentence-investigative report. During the presentence investigation, appellant informed the probation department that he was to be paid $5,000 for supplying the drugs to certain prison inmates, that he had been threatened by prison gangs, that he was suffering from fatigue due to working overtime, and that he was experiencing financial hardship. The presentence-investigative report indicated that appellant was remorseful for his conduct and that he had no criminal or juvenile record. On January 8, 2024, the trial court sentenced appellant to a seven to ten-and-one-half year prison term.

**{¶ 4}** Appellant now appeals, raising one assignment of error:

**{¶ 5}** THE SENTENCE IMPOSED IS NOT COMMENSURATE WITH THE SERIOUSNESS OF THE DEFENDANT'S CONDUCT AND IS NOT CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.

**{¶ 6}** R.C. 2953.08(G) defines the standard of review for felony sentencing appeals. *State v. Marcum*, 2016-Ohio-1002, ¶ 21. R.C. 2953.08(G)(2) provides that an

appellate court may vacate or modify a felony sentence only if it finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. "A felony sentence is not clearly and convincingly contrary to law if the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible sentencing range." *State v. Jennings*, 2024-Ohio-383, ¶ 31 (12th Dist.).

{¶ 7} The sentence imposed by the trial court for a felony conviction shall be (1) reasonably calculated to achieve the three overriding purposes of felony sentencing by protecting the public from future crime by the offender and others, punishing the offender, and promoting the effective rehabilitation of the offender, (2) commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and (3) consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(A) and (B). The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). In exercising that discretion, the trial court shall consider the relevant seriousness factors set forth in R.C. 2929.12(B) and (C) and the relevant recidivism factors set forth in R.C. 2929.12(D) and (E).

{¶ 8} Appellant argues that his sentence is contrary to law because it is disproportionate to sentences imposed for similar offenses committed by former corrections officers from other jurisdictions. In support of his argument, appellant directs this court to several newspaper articles attached to his brief as exhibits.

{¶ 9} However, these newspaper articles were not introduced, let alone admitted, at sentencing and are therefore not part of the record in this matter. An appellate court is confined to the record created in the trial court and cannot consider evidence the trial

- 3 -

court did not use when reaching its decision. App.R. 9(A); *In re Z.C.*, 2006-Ohio-1787, ¶ 21 (12th Dist.); *Day v. Baker*, 2004-Ohio-5529, ¶ 12 (12th Dist.). Furthermore, "an exhibit merely appended to an appellate brief is not part of the record" and may not be considered in determining an appeal. *State v. Grant*, 2013-Ohio-2981, ¶ 12 (10th Dist.). Accordingly, we cannot and will not consider the newspaper articles.

{¶ 10} Upon reviewing the record, we find that appellant's sentence is not contrary to law. Under R.C. 2929.14(A)(1)(a), appellant's seven to ten-and-one-half year prison term was within the permissible range for his first-degree felony conviction. The trial court properly imposed postrelease control sanctions, addressed the purposes and principles of sentencing under R.C. 2929.11, and considered the seriousness and recidivism factors under R.C. 2929.12 at the sentencing hearing and within its sentencing entry. The trial court found a low risk of recidivism. However, the trial court found appellant's conduct more serious than conduct normally constituting the offense under R.C. 2929.12(B) because (1) appellant's position of trust as a corrections officer related to and was used to facilitate the offense, (2) as a corrections officer he had an obligation to prevent the offense, (3) the offense was part of an organized criminal activity based upon the meeting of the mind between appellant and other individuals to convey drugs into the institution, and (4) the quantity of drugs found in appellant's possession was great, including the 160 grams of methamphetamine (i.e., more than 50 times the bulk-amount).

{¶ 11} We also find no merit to appellant's argument that his sentence was inconsistent with other sentences. While R.C. 2929.11(B) mandates that a felony sentence be "consistent with sentences imposed for similar crimes committed by similar offenders," consistency in sentencing does not mean uniformity. *State v. B.J.T.*, 2018-Ohio-4720, ¶ 35 (12th Dist.). A consistent sentence is not derived from a case-by-case comparison, but from the trial court's proper application of the statutory sentencing

guidelines. *Id.* Consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh statutory factors. *Id.* Therefore, a defendant claiming inconsistent sentencing must demonstrate that the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12. *Id.*

**{¶ 12}** The record shows that the trial court properly considered the purposes and principles of R.C. 2929.11 as well as all relevant sentencing factors under R.C. 2929.12, weighed the sentencing factors, and applied them accordingly. Accordingly, appellant has failed to establish that his sentence is inconsistent with sentences imposed for aggravated possession of drugs in other cases.

**{¶ 13}** Appellant's assignment of error is overruled.

**{¶ 14}** Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.